**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRETT NOBLE; et al., | No. 16-16573 |
| Plaintiffs-Appellants, | D.C. No. 2:15-cv-02322-RCJ-VCF |
| v. | |
| NEVADA CHECKER CAB CORPORATION, DBA Checker Cab Company; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted November 17, 2017
San Francisco, California

Before: CLIFTON and FRIEDLAND, Circuit Judges, and GLEASON,** District Judge.

Appellants contend that Appellee taxi companies have violated the Fair and

Accurate Credit Transactions Act of 2003 by printing and distributing receipts that

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

contain the first digit as well as the final four digits of the cardholder's credit card number. Appellants do not allege that a breach of privacy occurred, nor do they point to any tangible harms resulting from Appellees' violations. Thus, the question before this Court is whether Appellants have alleged harm sufficient to warrant standing under Article III of the Constitution.

## BACKGROUND

The Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), Pub. L. No. 108-159, 117 Stat. 1952, amended the Fair Credit Reporting Act ("FCRA") to provide that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1). The statute provides for "any actual damages sustained by the consumer as a result" or statutory damages between $100 and $1,000 per violation, plus costs and attorney's fees, and potential punitive damages. *Id.* § 1681n(a).

Appellants alleged that the credit card receipts printed by Appellees contained the first digit in addition to the last four digits. Appellants do not allege that the receipts were given to anyone other than the individual cardholders who made the purchases.

Appellants filed suit in the District of Nevada, naming as a class all consumers receiving such receipts within the two-year period preceding the filing of the complaint. On August 19, 2016, the district court granted Appellees' motion to dismiss Appellants' Second Amended Complaint. Appellants timely appealed.

**ANALYSIS**

The situation in this case resembles a number of recent cases which have addressed when a plaintiff has standing to sue under a statutory damages provision. *See, e.g.*, *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549-50 (2016) (holding that because "Article III standing requires a concrete injury even in the context of a statutory violation . . . [Plaintiffs] cannot satisfy the demands of Article III by alleging a bare procedural violation"). One of our recent opinions addressed facts very similar to this case. In *Bassett v. ABM Parking Services, Inc.*, _ F.3d _, 2018 WL 987954 (9th Cir. Feb. 21, 2018), the plaintiff alleged that defendants violated FACTA by printing a receipt that included the plaintiff's credit card expiration date. Citing *Spokeo*, we held that the plaintiff had not alleged a concrete injury sufficient to warrant Article III standing because he "did not allege that another copy of the receipt existed, that his receipt was lost or stolen, that he was the victim of identity theft, or even that another person apart from his lawyers viewed the receipt." *Id.* at *6. Nor did plaintiff "allege that any risk of harm is real, 'not

conjectural or hypothetical,' given that he could shred the offending receipt along with any remaining risk of disclosure." *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

As in *Bassett*, Appellants here did not allege that anyone else had received or would receive a copy of their credit card receipts. As in *Bassett*, Appellants' alleged injury depended entirely on a FACTA violation. *Bassett*'s reasoning controls the issue in this case, and we are bound by it. *See Miller v. Gammie*, 335 F.3d 889, 892-93 (9th Cir. 2003) (en banc).

Also like in *Bassett*, the alleged FACTA violation here does not involve the sort of revelation of information that Congress determined could lead to identity theft. In *Bassett*, we observed that Congress had suggested that the alleged violations of FACTA were not concrete by passing a law that included a "finding that a disclosed expiration date by itself poses minimal risk" and temporarily eliminated statutory damage liability for such violations. 2018 WL 987954, at *5. Likewise, here, the first digit of a credit card number merely identifies the brand of the card, and Congress has not prohibited printing the identity of the credit card issuer along with the last five digits of the credit card number. Thus, giving the deference to Congress's expertise that *Spokeo* requires, 136 S. Ct. at 1549, confirms that Appellants lack standing here.

AFFIRMED.